Johnston, Judge,
 

 said — As to the first ground on which it is moved for, namely, that the statute of limitations should have protected the defendant for all but the last three years, it is not tenable. Judge Buller, it is true, has said so, and it has been followed and copied into other books ; there is however no adjudged case to that effect, and I do not consider myself bound by the
 
 dictum
 
 of any judg*~, however respectable. The reason of the thing is against that position. The plaintiff cannot bring his action till after the judgment in ejectment, and possession delivered or obtained in consequence of it. And shall he be barred for not bringing his action in time, when the law itself for that time prohibits the bringing his action
 
 l
 
 It would be absurd to say so ; the direction given to the jury was proper. As to the other ground, evidence has been received and damages given for the cutting down of trees, when no charge for the cutting down of trees was laid :n the declaration. Such evidence ought not to have been received although the plaintiff did not object to it. The verdict is therefore improper and unjust, being founded 0.1 evidence which was not admissible. He has had a new trial before, but still I think he ought now te lia-e one for the cause alledged. Let the verdict he set aside, but the plaintiff may have a rula to shew cause why the declaration should not be amended;.
 

 A rule was accordingly taken, and on the last of the term, after argument, he permitted the declaration to be amended by adding a count for the cutting down of trees, aud the defendant to add the plea of
 
 liberum tenementum.